HARDY, Judge.
This is a compensation suit in which plaintiff claimed the maximum allowance of $30 per week for a period not exceeding *617 four hundred weeks on the ground of- permanent total disability resulting from an accident sustained while in the course of his employment. After trial there was judgment in favor of plaintiff, from which defendants, Hornsby and' Stevenson, a commercial partnership, :and their insurer, Travelers Insurance Company, appealed. Plaintiff also appealed devolutively, ‘ and, additionally, answered defendant’s appeal. ■The additional relief sought by plaintiff consists of the allowance of statutory penalties and attorney’s fees which were denied in the judgment of the district court.
There is no dispute as to the employment, the accident and the wages. The defense is based upon the contentions that plaintiff had recovered from his injury and was able to return to work and that any disability from which he suffered resulted from his failure to cooperate with his physicians and to relieve any existent disability by proper exercise.
Plaintiff was employed as an oiler by Hornsby and Stevenson, and, while engaged in oiling a dragline on August 24, 1951, sustained serious injuries when the machine pinned plaintiff against an embankment. The injuries, which are specified at length in the petition and the medical reports, constituted fractures of the bones in both thighs and injuries to the .spine with consequent tearing of the muscles, ligaments and nerves. Plaintiff was hospitalized for a period of almost a month and remained under treatment for a considerable period thereafter. The defendant insurer paid compensation at the rate of $30 per week for a period of sixty-four weeks, terminating the payments o,n November 21, 1952, on the ground that plaintiff was able to return to work. Suit was filed January 27, 1953, and trial had May 14, 1953, followed by judgment dated-June 30, 1953.
THe record contains detailed reports of fbur orthopedic specialists: Dr. Imrie, %vho treated plaintiff following the injury; ;Dr. Hamilton who made-two examinations, on August 6 and November 17, 1952.; Dr. Cannon, who examined plaintiff on January 12, 1953, and Dr. Guy A. Caldwell, of the Ochsner Clinic in New Orleans, who examined plaintiff, at the joint request of 'counsel, for plaintiff and defendants, on March 16, 1953. Dr. Caldwell’s report was supplemented by deposition taken May 7, 1953, one week before trial.
The reports of the medical experts reflect a difference of opinion as to the degree of functional disability suffered by plaintiff as a-result of the accident, which estimates run from a minimum of ten percent to a maximum of twenty and thirty percent.
However, we are not concerned with the degree of disability but with the principal issue ‘ as to whether plaintiff was totally disabled at the time of trial. The •trial judge found such to be the case and made the' following statement in his written opinion:
“All of the medical experts stated that plaintiff was not able to resume work at the time he was examined by them and their prognoses of recovery were estimative.”
We agree with this observation except with respect to the report of Dr. Hamilton dated November 20, 1952, made subsequent to his examination of plaintiff on November 17. In this report Dr. Hamilton does not make the statement that plaintiff was unable to resume his former employment, and, in fact,- we do not find- that he,expressed any definite opinion on this point. However, we are completely in accord with the finding of the district judge in that what we regard as the overwhelming ■preponderance of the medical evidence indicates conclusively that plaintiff ■ was not able to 'return to work on the dates of the last examinations made by these experts.
The testimony of lay witnesses on the date of trial also -definitely preponderates in favor of the conclusion that plaintiff- was unable to return to work at the time of the trial. This being so it follows that as far .as courts are concerned plaintiff must be considered to have been, permanently and totally disabled and entitled *618 to an award of compensation on such basis. We cannot be placed in the position of attempting to fix the duration of disability, and we are not required to look beyond the actual showing made on trial.
Defendants have further urged that plaintiff’s disability was due to his failure, neglect or refusal to cooperate with his doctors in the effort to restore his own physical fitness. Examination of the record fails to sustain this contention. There is no evidence which would justify a conclusion that plaintiff refused in any degree to follow the prescribed treatment. It is true that he appears to have relied upon the use of crutches or a cane for a longer period of time than some of the examining physicians thought necessary, but this, in the light of human experience, is quite understandable and may be ascribed to plaintiff’s state of mind after a long and enforced period of disability and pain.
Finally, we come to a consideration of plaintiff’s strenuously urged claim for penalties and attorney’s fees under the provisions of LSA-R.S. 22:658. In support of this claim we are cited to Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695, and Richard v. Traders & General Ins. Co., La.App., 62 So.2d 533.
We do not think the facts of the cited cases are appropriate to the instant case. There appears to be no affirmative support of the argument that defendants arbitrarily and capriciously refused continuance of compensation payments. We think the coincidence of dates is significant, for the defendant insurer terminated payment on November 21 following Dr. Hamilton’s final report of November 20, 1952. This report, in connection with Dr. Imrie’s report of August 27, 1952, in which he gave a prognosis of complete recovery permitting return to plaintiff’s previous occupation within three months are certainly sufficient to relieve the insurer of any charge of arbitrary and unwarranted action.
Counsel for defendants point out in brief the error of the judgment in the allowance of the sum of $1,000 as medical expenses. Exhibits incorporated in the record indicate payment of medical expenses and services by defendants to the extent of a total of $856.25. It follows that the blanket and unconditional allowance of $1,000 is erroneous and should be corrected.
For the reasons assigned the judgment appealed from is amended by providing for the allowance of the sum of $1,000 for medical expenses, subject to credit for amounts heretofore paid by defendants, and, as amended, it is affirmed at the cost of appellants.